**Jose ALFARO and Esmeralda Herrera, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70777.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2006.*

Decided March 13, 2006.

Alexander N. Lopez, Esq., Law Office of Alexander N. Lopez, Glendale, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Margaret J. Perry, Jennifer Lightbody, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WARDLAW and RAWLINSON, Circuit Judges, and CEBULL,** District Judge.

### MEMORANDUM ***

Jose Alfaro, a citizen of El Salvador, and his wife, Esmeralda Herrera, a citizen of Mexico, petition for review of a decision by the Board of Immigration Appeals (BIA) affirming without opinion the decision by the Immigration Judge denying their application for cancellation of removal based upon failure to establish exceptional and extremely unusual hardship.

1. We lack jurisdiction to review the discretionary determination of hardship, but we have jurisdiction to review Petitioners' constitutional due process claims. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). However, the asserted due process claim that the IJ failed to apply the correct legal standard to their application for cancellation of removal is without merit, as the IJ explicitly found that petitioners failed to establish that removal would result in exceptional and extremely unusual hardship to any of their United States citizen children. *See id.* "[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction." *Id.*

2. The BIA's refusal to accept Petitioners' untimely brief was not a violation of their due process rights because they had adequate notice of the filing requirements and due date for the brief, were apprised of the procedure for requesting an extension, and did not provide a reason-

able explanation for failure to do so within the time prescribed. *See Singh v. Gonzales,* 416 F.3d 1006, 1014–15 (9th Cir. 2005) (finding no due process violation when the appeal was dismissed by the BIA because the alien failed to file a brief or request an extension after receiving notice of the filing requirements).

3. Petitioners' challenge to the BIA's summary affirmance procedure is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 852 (9th Cir.2003).

4. The voluntary departure period the INS granted petitioners will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004).

**PETITION DISMISSED in part, DENIED in part.**

---

** The Honorable Richard F. Cebull, United States District Judge for the District of Montana, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

