**Gloria Maritza AGUILAR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76114.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed May 23, 2007.

Elsa I. Martinez, Esq., Martinez Goldsby & Associates, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jeffrey J. Bernstein, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Gloria Maritza Aguilar, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's decision denying her motion to reopen deportation proceedings in which she was ordered deported in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), we grant the petition for review and remand for further proceedings.

The BIA abused its discretion in denying Aguilar's motion as untimely without addressing her equitable tolling argument. *See Singh v. Gonzales*, 416 F.3d 1006, 1015 (9th Cir.2005) ("[Petitioner] argues that the limitations period applicable to motions to reopen was subject to equitable tolling, and that the BIA erred in not ruling on this argument before rejecting his motion as untimely filed. In light of the BIA's unexplained failure to address this argu-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

ment we believe that remand for additional investigation or explanation is appropriate." (citing *INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam))).

In light of our disposition, we need not address Aguilar's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**