**Daljit SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–73701.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 28, 2008.

Jeffrey Martins, Esq., Law Offices of Jeffrey Martins, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Jamie M. Dowd, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Daljit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings and reconsider its prior order affirming an immigration judge's ("IJ") order of removal. To the extent we have jurisdiction it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or reconsider, *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir.2005), and we grant in part and dismiss in part the petition for review.

The BIA abused its discretion in denying Singh's motion to reconsider because the record reflects that, contrary to the BIA's statement, Singh requested voluntary departure. *See* 8 C.F.R. § 1003.2(b)(1) (a motion to reconsider can be based on an error of fact in a prior BIA decision). The BIA also failed to address the other arguments in Singh's motion to reconsider. *See Singh v. Gonzales*, 416 F.3d 1006, 1015 (9th Cir.2005) (remanding in light of BIA's unexplained failure to address petitioner's claim).

The BIA abused its discretion when it failed to explain why Singh's motion to reopen did not set out a prima facie case for adjustment of status. *See Franco–Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir.2006) (holding that the BIA abuses its discretion when it fails to fully explain its reasons for denying a motion to reopen).

To the extent Singh attempts to challenge the BIA's March 30, 2005 decision, we lack jurisdiction because this petition is not timely as to that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003).

In light of our disposition, we need not reach Singh's due process claims.

**PETITION FOR REVIEW GRANTED in part; DISMISSED in part; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

