**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SARBJIT SINGH,

                 *Petitioner,*

v.

ALBERTO R. GONZALES,* Attorney
General,

               *Respondent.*

No. 03-72494

Agency No.
A77-827-217

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2005**
San Francisco, California

Filed July 29, 2005

Before: J. Clifford Wallace, Johnnie B. Rawlinson, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Bybee

---

*Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to FED. R. APP. P. 43(c)(2).

**This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2).

**COUNSEL**

Martin Resendez Guajardo, Law Office of Martin Resendez Guajardo, San Francisco, California, for the petitioner.

Peter D. Keisler, David Bernal, S. Nicole Nardone, Office of Immigration Litigation, Civil Division, United States Justice Department, Washington, D.C., for the respondent.

**OPINION**

BYBEE, Circuit Judge:

This case presents yet another due process challenge to the Notice of Appeal and summary dismissal procedures employed by the Board of Immigration Appeals ("BIA").

For more than thirty years, BIA regulations have authorized summary dismissal of appeals for which the petitioner fails to adequately specify the grounds for error. The regulations were later amended to also authorize summary dismissal where the petitioner indicates an intent to file a brief, but subsequently fails either to file the brief or explain his failure to do so. In this appeal, the petitioner claims that both regulations operated to violate his due process rights.

While we have in the past criticized the potential for confusion posed by the BIA's strict specificity requirement, the amended regulation authorizing dismissal for failure to file a brief does not suffer from the same defects. Moreover, the actions of petitioner's counsel in this case persuade us that, rather than a due process violation based on the BIA's summary dismissal procedures, the petitioner has alleged a classic case of ineffective assistance of counsel. Accordingly, we deny petitioner's due process claim based on the summary dismissal, but remand to the BIA for further consideration of his due process ineffective assistance of counsel claim.

## I. BACKGROUND

Sarbjit Singh, a native and citizen of India, was charged as removable on the ground that he had overstayed his visa. Singh retained attorney Samuel Maina and applied for asylum, withholding of removal and Convention Against Torture relief. Each of Singh's claims were rejected after a hearing in which the immigration judge ("IJ") found him not credible and ordered his removal.

With Maina's assistance, Singh filed a Notice of Appeal with the BIA using form EOIR-26. In the section requesting the petitioner to "[s]tate in detail the reason(s) for [the] appeal," Maina wrote the following: "IJ erred in finding respondent was not credible and failed to carry his burden." Immediately above Maina's statement, the form contained the following conspicuous admonition: "WARNING: The failure

to specify the factual or legal basis for the appeal may lead to summary dismissal without further notice unless you give specific details in a timely, separate written brief or statement filed with the board." Maina checked the box on the form, termed "Item #6," indicating that he intended to file a separate written brief to comply with the regulation. Directly below this item, another conspicuous instruction read: "WARNING: Your appeal may be summarily dismissed if you indicate in Item #6 that you will file a separate written brief or statement and, within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure." Thereafter, by a separate mailing, the BIA instructed the petitioner that his brief would be due on or before April 16, 2001. Maina never filed a brief.

Almost a year after the briefing deadline passed, the BIA summarily dismissed Singh's appeal pursuant to 8 C.F.R. § 3.1(d)(2)(i) (2001). The BIA offered two grounds for its decision:

> Pursuant to our regulations, an appeal may be dismissed where a party indicates "that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such a brief or statement, or reasonably explain his or her failure to do so, within the time set for filing. . . ." 8 C.F.R. § 3.1(d)(2)(i)(D) (2001). The Notice of Appeal explicitly warned the respondent of the regulation, and a briefing schedule indicating that the respondent's brief was due on April 16, 2001, was mailed to the respondent. To date, the respondent has not submitted a brief or offered an explanation for the failure to do so. We thus find that summary dismissal is appropriate under 8 C.F.R. § 3.1(d)(2)(i)(D).

> In addition, the respondent provided general statements alleging error, but did not specifically identify those errors. The Board may summarily dismiss an

appeal when the appealing party fails to specify reasons for the appeal. *See* 8 C.F.R. § 3.1(d)(2)(i)(A).

*In re Sarbjit Singh*, A77 827 217, at 1-2 (BIA, March 18, 2002) (citation and footnote omitted). In a footnote, the Board added: "We find that this case is distinguishable from *Padilla-Agustin v. INS*, 21 F.3d 970 (9th Cir. 1994). In the instant case, the record reflects that the respondent was placed on notice that the appeal could be summarily dismissed for failure to timely submit a promised brief or statement." *Id.* at 1 & n.1 (citing 8 C.F.R. § 3.1(d)(2)(i)(D)).[1]

Approximately one year after the summary dismissal was issued, Singh retained new counsel and moved to reopen his proceedings, arguing that the summary dismissal violated his due process rights and that the 90 day deadline for filing a motion to reopen should be equitably tolled because of his former counsel's ineffective assistance.[2] In a per curiam order, the Board rejected the motion as untimely filed without addressing the equitable tolling argument. Singh timely petitioned this court to review the BIA's decision.

In the petition for review that we now consider, Singh reasserts the arguments raised in his motion to reopen; namely, that the BIA's summary dismissal violated his due process rights and that his former counsel's ineffective assistance rendered his motion to reopen subject to equitable tolling.

---

[1]This regulation is now codified at 8 C.F.R. § 1003.1(d)(2)(i). *See* 68 Fed. Reg. 9824 (Feb. 28, 2003).

[2]Pursuant to 8 C.F.R. § 1003.2(c)(2), a motion to reopen in any case previously the subject of a final decision by the BIA generally must be filed no later than 90 days after the date of that decision. Thus, Singh's motion was due on or before June 17, 2002. The Board did not receive the motion until February 28, 2003.

## II.    STANDARD OF REVIEW

The regulation at issue here, 8 C.F.R. § 3.1(d)(2)(i) (2001), states that the BIA "may" summarily dismiss an appeal for failure to state specific reasons or file a promised brief. Consequently, the Board's decision whether to dismiss is discretionary. Dismissal for failure to comply with this regulation is akin to dismissal in a civil case for failure to prosecute, which we review for abuse of discretion. *See, e.g., Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962) ("Whether such an order can stand on appeal depends not on power but on whether it was within the permissible range of the court's discretion."); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Accordingly, we will not reverse a dismissal under 8 C.F.R. § 3.1(d)(2)(i) unless the Board has abused its discretion.

However, the question squarely presented in this case is whether the summary dismissal violated Singh's due process rights. That question is a pure question of law which we review *de novo*. *See Lopez v. INS.*, 184 F.3d 1097, 1099 (9th Cir. 1999) (pure questions of law raised in a petition for review are reviewed *de novo*). Finally, we review the denial of a motion to reopen for abuse of discretion. *See Shaar v. INS*, 141 F.3d 953, 955 (9th Cir. 1998).

## III.    DISCUSSION

### A.    *Summary Dismissal Procedures*

**[1]** BIA regulations provide for summary dismissal of an appeal where the party concerned either fails to adequately specify the reasons for the appeal, or fails to file a brief after indicating an intent to do so. The particular regulation at issue in this case read as follows:

> (i) Standards. The Board may summarily dismiss any appeal or portion of any appeal in any case in which:

(A) The party concerned fails to specify the reasons for the appeal on Form EOIR-26 or Form EOIR-29 (Notices of Appeal) or other document filed therewith; [or]

. . .

(D) The party concerned indicates on Form EOIR-26 or Form EOIR-29 that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing. . . .

8 C.F.R. § 3.1(d)(2)(i)(A), (D) (2001). The BIA referenced both provisions — subpart (A) and subpart (D) — in support of its order summarily dismissing Singh's appeal.

Prior to an amendment, effective January 13, 1994, BIA regulations did not contain a "briefing sanction" providing that an appeal can be summarily dismissed if the petitioner indicates an intent to file a brief and then fails to do so. However, BIA regulations have long contained a "specificity sanction," providing for summary dismissal where the party fails to specify the grounds for appeal on the Notice of Appeal form or in a separate document. *See Matter of Holguin*, 13 I & N Dec. 423, 425-26 (BIA 1969).

Singh concedes that his reasons for appeal were not specific and that no brief was filed as promised by his former counsel. He argues, however, that both the specificity and briefing sanctions provided for in BIA regulations operated to deprive him of due process, as guaranteed by the Fifth Amendment to the United States Constitution.

Singh's argument is not a novel one. Our court has grappled with the BIA's summary dismissal procedures for nearly

a quarter-century. Thus, a brief examination of our prior cases analyzing these procedures is useful.

### 1. The Specificity Sanction

In *Matter of Valencia*, the BIA outlined the specificity required to avoid summary dismissal:

> It is . . . insufficient to merely assert that the immigration judge improperly found that deportability had been established or denied. . . . Where eligibility for discretionary relief is at issue, it should be stated whether the error relates to grounds of statutory eligibility or to the exercise of discretion. Furthermore, it should be clear whether the alleged impropriety in the decision lies with the immigration judge's interpretation of the facts or his application of legal standards. Where a question of law is presented, supporting authority should be included, and where the dispute is on the facts, there should be a discussion of the particular details contested.

19 I. & N. Dec. 354, 355 (BIA 1986).

"The purpose of the BIA's strict specificity requirement is to ensure that the BIA is adequately apprised of the issues on appeal so that the BIA is not left to 'search through the record and speculate on what possible errors the [petitioner] claims.' " *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 820 (9th Cir. 2003) (quoting *Matter of Valencia*, 19 I. & N. Dec. at 355) (alteration in original). "If the BIA was forced to decipher general statements of error, unsupported by specific factual or legal references, the BIA would have to spend time and resources reconstructing the proceedings before the IJ and building the petitioner's legal case, in some instances only to conclude that the appeal was utterly without merit." *Id.* at 820 (citation omitted). On the other hand, "when the BIA receives ample specific advice about the reasons for an appeal, the

BIA can deal promptly with appeals and focus resources on nonfrivolous appeals to reach a correct resolution." *Id.*

We have, on several occasions, commented on the importance of the specificity requirement and the extent of specificity required. *See, e.g., id.* at 819-20; *Casas-Chavez v. INS*, 300 F.3d 1088, 1089-90 (9th Cir. 2002); *Toquero v. INS*, 956 F.2d 193, 195 (9th Cir. 1992); *Escobar-Ramos v. INS*, 927 F.2d 482 (9th Cir. 1991); *Martinez-Zelaya v. INS*, 841 F.2d 294 (9th Cir. 1988); *Reyes-Mendoza v. INS*, 774 F.2d 1364 (9th Cir. 1985). *See also Athehortua-Vanegas v. INS*, 876 F.2d 238 (1st Cir. 1989); *Medrano-Villatoro v. INS*, 866 F.2d 132 (5th Cir. 1989); *Bonne-Annee v. INS*, 810 F.2d 1077 (11th Cir. 1987); *Townsend v. INS*, 799 F.2d 179 (5th Cir. 1986).

In *Reyes-Mendoza* we approved the BIA's strict interpretation, reasoning that the Notice of Appeal form must "inform the BIA of what aspects of the IJ's decision were allegedly incorrect and why." 774 F.2d at 1364-65 (concluding summary dismissal was appropriate because a six-word statement on the Notice of Appeal form inadequately informed the BIA of the grounds for appeal). *See also Martinez-Zelaya*, 841 F.2d at 296. In *Toquero* we confirmed this approval, finding a description insufficient, and summary dismissal appropriate, where it merely contained "generalized and conclusory statement[s] about the proceedings before the IJ" and failed to specify "the particular details contested." 956 F.2d at 195 (citations omitted); *accord Townsend*, 799 F.2d at 182. In *Escobar-Ramos* we similarly observed that "summary dismissal by the BIA is appropriate if an alien submits no separate written brief or statement to the BIA and inadequately informs the BIA of what aspects of the IJ's decision were allegedly incorrect and why." 927 F.2d at 484 (quoting *Martinez-Zelaya*, 841 F.2d at 296).

Yet, even in the context of approving the BIA's summary dismissal policy in *Toquero* and *Escobar-Ramos*, we expressed some discomfort with the potential inadequacy of

the warnings contained on the BIA's Notice of Appeal form.
For example, in *Toquero* we stated:

> [W]e believe the instructions on the Notice of
> Appeal are less than clear. For example . . . . [t]he
> instructions do not set out . . . the specificity stan-
> dard used by the BIA in deciding to summarily dis-
> miss an appeal . . . . In fact the form suggests that the
> alien need not go into much detail by providing only
> a three-inch space on which to state his claim of
> error. Moreover, the instructions indicate that the
> party is not required to file a brief, yet the BIA has
> developed the practice of considering the written
> brief in conjunction with the Notice of Appeal in
> determining whether summary dismissal is appropri-
> ate.

956 F.2d at 197 (citation omitted). Likewise, in *Escobar-
Ramos* we observed that the BIA's Notice of Appeal form

> contains the potential for misleading the unwary. It
> requires the appellant to "Briefly state reasons for
> this appeal." . . . The instructions on the reverse side
> of the form provide that "The Board may deny oral
> argument and summarily dismiss any appeal in any
> deportation proceeding in which . . . the party con-
> cerned fails to specify the reasons for his/her appeal
> on the reverse side of the form." Appellants are
> informed that "a brief in support of or in opposition
> to an appeal is not required." The form then supplies
> less than three inches of space to provide these rea-
> sons for the appeal and does not invite the use of an
> additional piece of paper.

927 F.2d at 484. Noting the strict specificity requirements
outlined by the BIA in *Matter of Valencia*, 19 I. & N. Dec.
at 355, we found "no indication on the face of [the BIA's
Notice of Appeal form] or in the instructions on the reverse

side as to the need for this level of specificity." *Escobar-Ramos*, 927 F.2d at 484.

However, neither case turned on the "clarity of the [Notice of Appeal form] instructions" alone, but instead depended upon "an inquiry into the actions taken by Petitioner's counsel." *Toquero*, 956 F.2d at 196-97. In *Escobar-Ramos* this inquiry revealed extraordinary circumstances — namely, the agency's delay in tendering transcripts, combined with the collapsed roof and flooding of counsel's law office — sufficient to excuse counsel's failure to file a brief with the BIA or to request an extension of time. 927 F.2d at 484-85. On the contrary, in *Toquero* nothing approaching the "extraordinary" was offered. 956 F.2d at 196. *See also Escobar-Ramos*, 927 F.2d at 486 (noting that in those cases where we upheld the BIA's summary dismissal "no explanation was offered for the failure to file briefs with the BIA"). Instead, counsel for the petitioner indicated an intention, on the Notice of Appeal form, to file a supporting brief, and he quite simply "failed to follow through with this intention." *Toquero*, 956 F.2d at 196. When presented with these facts, we held that

> counsel had a responsibility to at least file a brief stating why the Notice was adequate, or explaining the reasons for appeal. When counsel for Petitioner did not submit a brief as promised, and then did not respond to the government's brief, the BIA could reasonably assume that Petitioner had either abandoned his appeal or could not explain the deficiency. Petitioner and his counsel were on notice that the BIA would exercise its power to summarily dismiss the appeal. Thus, counsel's failure to act justified the BIA's actions, and weakens any contention that the procedures used in this case violated due process.

*Id.* at 196-97.

In *Padilla-Agustin*, however, our concerns, heretofore merely hypothetical, became concrete, and we had occasion

to give teeth to our prior grumblings. 21 F.3d at 977 ("This case is the one described in *Toquero*: it turns on the 'clarity of the instructions' alone."). In that case the petitioner, Padilla, a 51-year-old native and citizen of Guatemala, entered the United States without inspection and was subsequently ordered to show cause why he should not be deported under former Section 241(a)(2) of the Immigration and Nationality Act. Proceeding pro se and speaking no English, Padilla conceded his deportability, designated Guatemala as the country for his deportation, and applied for asylum, withholding of deportation and voluntary departure. The IJ denied his claims *in toto*. *Id.* at 972. Still representing himself, Padilla filed a Notice of Appeal using form EOIR-26; he neither attached a supporting brief nor checked the box on the Notice of Appeal form indicating an intent to do so at a later date. Instead, on the form, he specified the grounds for appeal as follows: "I request my Political Asylum request be accepted because I fled my country in order to save myself because the Political situation I was persecuted. Now if I return I'll be—mistreated or killed I need the chance to stay in this country until the situation change in my country." *Id.* The BIA summarily dismissed Padilla's appeal, reasoning that Padilla "in no meaningful way identified the basis for the appeal . . . [and] failed to specify any respect in which the immigration judge's decision [was] incorrect." *Id.* (alternations in original).

**[2]** We granted Padilla's petition for review, concluding that Padilla "did not receive adequate notice of the potential for summary dismissal of his appeal." *Id.* at 974. Recalling our prior warnings in *Toquero* and *Escobar-Ramos*, we again decried the fact that the form utilized by the BIA enjoined the immigrant to brevity without providing sufficient notice to the unschooled observer of the possibility of dismissal. We stated, "[p]articularly when the alien is representing himself and has language difficulties, as is so often the case and *is* the case here, a high degree of clarity should be a part of the process accorded." *Id.* at 976 (emphasis in original). Accordingly, we

held that "the concatenation of EOIR-26, the BIA's strict Notice of Appeal requirements, and the failure to give any advance warning before an appeal is dismissed, *can* result in a violation of the due process rights of the alien" and "[i]t did so here." *Id.* at 977 (emphasis added).

We have on other occasions held that the BIA's strict specificity requirement, when combined with BIA regulations permitting summary dismissal without notice, can operate to violate an alien's due process rights. Each case involved special circumstances, not present in the instant case, which suggested that a "high degree of clarity" was required. *Castillo-Manzanarez v. INS*, 65 F.3d 793, 796 (9th Cir. 1995) (involving a petitioner with language difficulties). *See also Vargas-Garcia v. INS*, 287 F.3d 882, 885 (9th Cir. 2002) (involving a pro se petitioner).

However, in Singh's case, the BIA did not rely solely on the specificity sanction. Rather, the BIA's decision summarily dismissing Singh's appeal relied primarily on Singh's failure to file a brief after indicating an intent to do so. *See In re Sarbjit Singh*, A77 827 217, at 1-2 (BIA, March 18, 2002) (citing 8 C.F.R. § 3.1(d)(2)(i)(D) (2001), and stating, "To date, the respondent has not submitted a brief or offered an explanation for the failure to do so.").

2. The Briefing Sanction

[3] We have never considered whether the BIA's summary dismissal procedures violate due process in light of the amended regulation, 8 C.F.R. § 3.1(d)(2)(i)(D) (2001), that specifically permits the BIA to dismiss an appeal summarily when a petitioner fails to timely file a brief after indicating an intent to do so. *See Rojas-Garcia*, 339 F.3d at 821; *Casas-Chavez*, 300 F.3d at 1090 n.2; *Castillo-Manzanarez*, 65 F.3d at 796 n.3.

[4] We observe, however, that the same potential for confusion that continues to plague dismissal for lack of specificity

does not necessarily exist in this context. In each case where we have either bemoaned the potential for confusion or found a due process violation, the ambiguity stemmed from the BIA's strict specificity requirement, the extent of which was not adequately represented on the face of the BIA's Notice of Appeal forms. *See*, *e.g.*, *Vargas-Garcia*, 287 F.3d at 885 (observing that "EOIR-26 still fails to tell the alien, especially a pro se alien . . . that what is really required is what amounts to a true legal brief complete with reference to authorities— statutes, regulations, cases, etc."); *Castillo-Manzanarez*, 65 F.3d at 796 (stressing the importance of clear instructions); *Padilla-Agustin*, 21 F.3d at 976 (emphasizing that "[p]articularly when the alien is representing himself and has language difficulties, as is so often the case and *is* the case here, a high degree of clarity should be a part of the process accorded") (emphasis in original); *Toquero*, 956 F.2d at 197 (observing that "[t]he instructions do not set out . . . the specificity standard used by the BIA in deciding to summarily dismiss an appeal . . . . [rather] the form suggests that the alien need not go into much detail by providing only a three-inch space on which to state his claim of error"); *Escobar-Ramos*, 927 F.2d at 484 (finding "no indication on the face of [the BIA's Notice of Appeal form] or in the instructions on the reverse side as to the need for this level of specificity"). On the contrary, the amended regulation merely permits the BIA to summarily dismiss an appeal if a brief is promised and later not filed. The Notice of Appeal form quite plainly instructs: "Your appeal may be summarily dismissed if you indicate . . . that you will file a separate written brief . . . and . . . you fail to file the brief . . . and do not reasonably explain such failure."

**[5]** On the facts of this case, we conclude that neither the briefing, nor the specificity sanctions operated to deprive Singh of due process.

B. *Due Process*

While perhaps wanting for a certain precision and consistency, our prior cases have divided challenges to the BIA's

specificity sanction largely into two distinct groupings: (1) those presenting a cognizable due process violation based on deficiencies in the BIA's summary dismissal procedures, *see, e.g., Padilla-Agustin*, 21 F.3d at 977; *Vargas-Garcia*, 287 F.3d at 886, and (2) those presenting a claim which is better characterized as ineffective assistance of counsel. *See, e.g., Rojas-Garcia*, 339 F.3d at 822; *Toquero*, 956 F.2d at 196. The instant appeal is quite simply of the latter breed: it turns not on the clarity of the instructions provided, but rather on the actions and expressed intentions of Singh's counsel.

**[6]** Even in the context of condemning the potential inadequacy of the BIA's notice procedures in *Toquero* we found "an inquiry into the actions taken by Petitioner's counsel" warranted. 956 F.2d at 196. After so inquiring we found no due process violation, but held that "counsel's failure to act justified the BIA's [summary dismissal], and weaken[ed] any contention that the procedures used . . . violated due process." *Id.* at 196-97. Similarly, in *Rojas-Garcia*, we observed that "it is not correct to assess whether [the petitioner] had adequate notice without at least considering the actions and expressed intentions of his counsel." 339 F.3d at 822.

**[7]** Where "the actions of [petitioner's] counsel make absolutely clear that the failure . . . to file a brief . . . was due, plain and simple, to . . . counsel's admitted error and oversight," we have consistently held that the failure cannot be attributed to any deficiency in the BIA's notice procedures. *Id.* Rather than a due process violation based on inadequate notice, the facts alleged by Singh present a classic instance of ineffective assistance of counsel. A contrary rule would permit a petitioner to recast, as a due process violation, an ineffective assistance of counsel claim that is otherwise barred by *Matter of Lozada*, 19 I & N Dec. 637 (BIA 1988), or unexhausted before the BIA. We decline to pave the way for such redefinition in this case. Rather, we are persuaded that, in the ordinary case, facts such as those alleged by Singh give rise, not to a claim that the BIA's summary dismissal procedures denied

the petitioner due process, but instead to a claim that he was denied effective assistance by his counsel. Accordingly, we hold that Singh has failed to demonstrate a due process violation as a result of the BIA's specificity sanction.

[8] In addition, we conclude that Singh's due process rights were not infringed by virtue of the BIA's briefing sanction. This conclusion follows logically from our precedents examining the regulatory precursors to the instant regulation. Reviewing a regulation that permitted the BIA to summarily dismiss an appeal if the grounds for appeal were either not clearly set forth on the Notice of Appeal form *or* in a separate brief, we held that counsel had a responsibility, after receiving the government's motion to dismiss, "to at least file a brief stating why the Notice was adequate, or explaining the reasons for appeal." *Toquero*, 956 F.2d at 196.[3] The same conclusion is even more obvious in this case, where the regulation at issue expressly permits the BIA to dismiss an appeal if the "party concerned indicates . . . that he or she will file a brief . . . and, thereafter, does not file such brief . . . or reasonably explain his or her failure to do so." 8 C.F.R. § 3.1(d)(2)(i)(D) (2001). After the BIA mailed a briefing schedule specifying the time frame in which Singh's former counsel was required to file his promised brief, counsel similarly had a responsibility either to file the brief, to request an extension, or to at least explain his failure. Counsel's failure to take any action whatsoever for nearly a year justified the BIA's summary dismissal. The dismissal did not infringe upon Singh's due process rights any more than a dismissal for

---

[3]The regulation at issue in *Toquero* permitted the BIA to "summarily dismiss any appeal in any case in which . . . the party concerned fails to specify the reasons for his appeal on Form I-290A (Notice of Appeal) . . ." or in a separate written brief filed with the BIA. 956 F.2d at 194 & n.2. In its order dismissing the appeal, the BIA stated: "No brief in support of [Toquero's] appeal has been filed. Moreover, counsel for [Toquero] has failed to state specific reasons for the appeal in the Notice of Appeal (Form I-290A) and therefore has failed to identify in a meaningful manner the basis of the . . . appeal." *Id.* at 194 (alterations in original).

failure to prosecute infringes upon the due process rights of a counseled litigant. As the Supreme Court noted in that context,

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

*Link*, 370 U.S. at 633-34 (citing *Smith v. Ayer*, 101 U.S. 320, 326 (1879)).

Accordingly, we hold that Singh has not established that the BIA's regulations — authorizing summary dismissal for failure to either file a brief or specify the grounds for appeal — violated his due process rights. Rather, the facts alleged by Singh present a classic case of ineffective assistance of counsel.

## C.  *Ineffective Assistance*

[9] Singh argues, in addition, that his former counsel's ineffective assistance caused him to lose the opportunity either to perfect his appeal or to file a timely motion to reopen. In particular, he argues that the limitations period applicable to motions to reopen was subject to equitable tolling, and that the BIA erred in not ruling on this argument before rejecting his motion as untimely filed. In light of the BIA's unexplained failure to address this argument we believe that remand for additional investigation or explanation is appropriate. *See*, *e.g.*, *INS v. Ventura*, 537 U.S. 12, 16 (2002).

## IV.   CONCLUSION

For the foregoing reasons, Singh's due process claim, premised on the inadequacy of the BIA's notice procedures, is hereby denied. The case is remanded to the BIA to consider whether any or all of the deadlines applicable to his appeal are subject to equitable tolling in light of the ineffective assistance allegedly provided by Singh's former counsel.

**PETITION DENIED IN PART, GRANTED IN PART AND REMANDED.**