**Umar I. MALLICK, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70893.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 29, 2005.*

Decided Dec. 5, 2005.

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department Of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Luis E. Perez, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

MEMORANDUM [**]

Umar Mallick, a native and citizen of Pakistan, petitions for review from a decision by the Board of Immigration Appeals (BIA) denying his motion to reopen his asylum claim for changed country conditions. He also petitions for review of the BIA's opinion affirming the finding of an Immigration Judge (IJ) that he was not credible. We have jurisdiction under the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act, 8 U.S.C. § 1105a, and we deny the petition for review.

We review the BIA's separate opinion affirming the IJ's adverse credibility finding for substantial evidence, requiring "specific, cogent reasons that bear a legitimate nexus to the finding," with inconsistencies or implausibilities that "go to the heart of the asylum claim." *Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir. 2005) (internal quotations and alterations deleted). We defer to the BIA unless "the evidence presented was so compelling that no reasonable factfinder could find that the petitioner was not credible." *Shire v. Ashcroft*, 388 F.3d 1288, 1295 (9th Cir.2004).

The BIA found Mallick's testimony to be vague and improbable. Mallick stated that he was prominent in the student wing of the People's Pakistan Party (PPP) for some years when he was quite young, organizing rallies and making banners at the University of Karachi. Yet Mallick was unable to articulate the political goals or religious orientation of the PPP, or even to properly spell the name of the student branch. He could not describe his father's political views, although he also testified that his father was very high up in the party and was the reason that Mallick was involved so young. The BIA also doubted that after his second arrest, with five days without food and only a "leakage" for wa-ter, Mallick could have traveled hundreds of miles and flown out of Pakistan that same day. Mallick has not shown evidence compelling us to find him credible, and these issues go to the heart of his asylum claim. We do not disturb the BIA's credibility finding, and we deny the petition for review of the denial of asylum and withholding of deportation.

We review the denial of a motion to reopen for an abuse of discretion. *See Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir.2005). The BIA concluded that the articles Mallick submitted did not show that political circumstances had changed meaningfully since his hearing in 2001. Further, because we hold that the adverse credibility finding was supported by substantial evidence, Mallick has not demonstrated that even under changed conditions he would be vulnerable to political persecution. The BIA did not abuse its discretion in denying the motion to reopen.

**PETITION FOR REVIEW DENIED.**

■

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.