**XIANG HUANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 04–75719.**

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed April 28, 2008.

Robert A. Espinosa, Esq., Attorney, La Puente, CA, for Petitioner.

CAC–District Counsel, Esq., Attorney, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Maureen M. Katz, Esq., Attorney, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Esq., Office of the District Counsel, San Francisco, CA, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Xiang Huang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence. *See Krotova v. Gonzales,* 416 F.3d 1080, 1084 (9th Cir.2005). We grant the petition for review and remand.

Huang's asylum application was filed eighteen days beyond the one-year filing deadline. The BIA failed to address Huang's contention that extraordinary circumstances excused the untimely filing of his asylum application. *See Sagaydak v. Gonzales,* 405 F.3d 1035, 1040 (9th Cir. 2005) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner."). We remand for the agency to determine whether Huang's ineffective assistance constituted extraordinary circumstances excusing him from filing a timely asylum application. *See Singh v. Gonzales,* 416 F.3d 1006, 1015 (9th Cir.2005) (stating that in light of BIA's failure to address alien's ineffective assistance argument, a remand

for additional investigation or explanation is appropriate).

Substantial evidence does not support the IJ's adverse credibility determination. The reasons cited by the IJ were, at most, based upon minor inconsistencies that do not go to the heart of the claim, *see Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir.2003), and impermissible speculation, *see Ge v. Ashcroft,* 367 F.3d 1121, 1125 (9th Cir.2004). We therefore grant the petition for review and remand for the agency to consider whether, taking Huang's testimony as true, he has shown eligibility for withholding of removal and, if appropriate, asylum and protection under CAT. *See generally INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

