**Hement Raj KISHORE; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–71835.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 5, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**416**

Pardeep S. Grewal, Law offices of Pardeep S. Grewal, Castro Valley, CA, for Petitioners.

David E. Dauenheimer, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM **

Hement Raj Kishore and his family, natives and citizens of Fiji, petition for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen proceedings due to ineffective assistance of counsel and to reapply for asylum, withholding of removal and protection under the Convention Against Torture based on changed circumstances. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir.2005), we deny the petition for review.

■ The BIA did not abuse its discretion in concluding that Kishore was not entitled to equitable tolling where Kishore's motion to reopen was filed more than four years after the BIA's removal order and Kishore did not demonstrate that he exercised due diligence in discovering prior counsel's alleged errors. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003) (equitable tolling available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud or error").

■■ The BIA did not abuse its discretion in denying Kishore's motion to reopen based on changed circumstances in Fiji where the evidence Kishore submitted did not establish a sufficient change. *See Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004) (requiring circumstances to "have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of persecution"). Grants of asylum to Kishore's relatives in the United States do not constitute changed circumstances. *See*

8 C.F.R. § 1003.2(c)(3)(ii) (allowing an exception to the ninety-day deadline for motions to reopen that are "based on changed circumstances *arising in the country of nationality or in the country to which deportation has been ordered*") (emphasis added); *see also He v. Gonzales,* 501 F.3d 1128, 1131–32 (9th Cir.2007).

**PETITION FOR REVIEW DENIED.**