MEMORANDUM **
In these consolidated petitions for review, Carlos R. Miranda Pena, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals’ (“BIA”) orders dismissing his appeal from an immigration judge’s deportation order (No. 06-73336), and denying his motion to reopen (No. 07-71065). We review for abuse of discretion the denial of a motion to reopen. Singh v. Gonzales, 416 F.3d 1006, 1009 (9th Cir.2005). We dismiss the petition for review in No. 06-73336 and deny the petition for review in No. 07-71065.
We lack jurisdiction over the untimely petition for review in No. 06-73336. See 8 U.S.C. § 1105a(a)(l) (1994); Singh v. Gonzales, 499 F.3d 969, 979 (9th Cir.2007) (petitioner’s ineffective assistance of counsel claim “cannot be construed as seeking judicial review of his final order of removal.”).
The BIA did not abuse its discretion in concluding that Miranda Pena was not entitled to equitable tolling where Miranda Pena’s motion to reopen was filed nearly twelve years after the BIA’s prior order and Miranda Pena did not demonstrate that he exercised due diligence in discovering former counsel’s alleged errors. See Iturribarria v. INS, 321 F.3d 889, 897 (9th Cir.2003) (equitable tolling available “when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud or error”).
The BIA did not abuse its discretion in denying Miranda Pena’s motion to reopen to seek adjustment of status as untimely because he did not file the motion within 90 days of the BIA’s prior order. See 8 C.F.R. § 1003.2(c)(2); see also Ekimian v. INS, 303 F.3d 1153, 1156 (9th Cir.2002).
No. 06-73336: PETITION FOR REVIEW DISMISSED.
No. 07-71065: PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.