MEMORANDUM **
Patricio Mendez Ponce and Maria Luisa Torres, spouses and natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals’ (“BIA”) order denying their motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, Singh v. Gonzales, 416 F.3d 1006, 1009 (9th Cir.2005), and we dismiss in part and deny in part the petition for review.
The cumulative evidence petitioners presented with their motion to reopen concerned the same basic hardship grounds previously considered by the agency. See Fernandez v. Gonzales, 439 F.3d 592, 602-03 (9th Cir.2006). We therefore lack jurisdiction to review the B IA's determination that the evidence would not alter the agency's prior discretionary determination that petitioners failed to establish the requisite hardship for cancellation of removal. See id. at 600.
We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen removal proceedings. See Ekimian v. INS, 303 F.3d 1153, 1159 (9th Cir.2002).
The BILA did not abuse its discretion in denying petitioners' motion to reopen as untimely and concluding that petitioners were not entitled to equitable tolling. Petitioners' motion was filed nearly one year after the B IA's prior order and petitioners did not demonstrate that they exercised due diligence in discovering former counsel's alleged errors. See Iturribarria v. INS, 321 F.3d 889, 897 (9th Cir.2003) (equitable tolling available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error").
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.