MEMORANDUM **
Varduhi Hovakimyan, her husband, Gar-abet Osapian, and their children, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals’ (“BIA”) order denying their motion to reopen based on ineffective assistance of counsel and changed country conditions. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo ineffective assistance of counsel claims. Iturribarria v. INS, 321 F.3d 889, 894 (9th Cir.2003). We grant in part, deny in part, and dismiss in part the petition for review, and remand.
The BIA erred when it failed fully to address Hovakimyan’s ineffective assistance of counsel claim based on prior counsel’s failure to raise on appeal the immigration judge’s finding that Hovakimyan had filed a frivolous asylum application. See Singh v. Gonzales, 416 F.3d 1006, 1015 (9th Cir.2005) (remanding for failure to address petitioner’s equitable tolling argument); Sagaydak v. Gonzales, 405 F.3d 1035, 1040 (9th Cir.2005) (BIA is “not free to ignore arguments raised by a petitioner”). We remand for the BIA to reconsider Hovakimyan’s ineffective assistance of counsel claim and to consider whether prior counsel’s performance warrants equitable tolling of the 90-day deadline on Hovakimyan’s motion to reopen. See Iturribarria, 321 F.3d at 899 (motions deadline tolled until petitioner meets with new counsel and reviews file); see also INS v. Ventura, 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
The BIA did not abuse its discretion in determining that Hovakimyan failed to provide sufficient evidence of changed circumstances in Armenia. See 8 C.F.R. § 1003.2(e)(3)(ii); see also Malty v. Ashcroft, 381 F.3d 942, 945 (9th Cir.2004) (“The critical question is ... whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.”).
We lack jurisdiction to review the BIA’s refusal to exercise its sua sponte power to grant motions to reopen. See Minasyan v. Mukasey, 553 F.3d 1224, 1229 (9th Cir.2009).
The parties shall bear them own costs for this petition for review.
PETITION FOR REVIEW GRANTED in part; DENIED in part; DISMISSED in part; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.