FILED

MAR 29 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HILMA FLORIDALMA RODAS DE UCAN; JOSE DOLORES UCAN-DIAZ, | No. 09-71342 |
| Petitioners, | Agency Nos. A072-682-837 |
| v. | A072-682-836 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011**

Before:      FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Hilma Floridalma Rodas de Ucan, a native and citizen of Guatemala, and

Jose Dolores Ucan-Diaz, a native and citizen of Mexico, petition for review of the

Board of Immigration Appeals' ("BIA") order affirming without opinion an

immigration judge's ("IJ") decision denying their applications for cancellation of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, and review for abuse of discretion the BIA's decision whether to summarily dismiss an appeal. *Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir. 2005). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929-30 (9th Cir. 2005). Petitioners' contentions that the IJ applied an incorrect hardship standard and failed to give adequate consideration to some of their hardship evidence are not supported by the record and do not amount to colorable legal or constitutional claims over which we have jurisdiction. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 979-80 (9th Cir. 2009).

The BIA did not abuse its discretion by deciding not to summarily dismiss petitioners' appeal under 8 C.F.R. § 1003.1(d)(2)(i)(E), and we lack jurisdiction to the extent petitioners challenge the BIA's decision to affirm without opinion. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 854 (9th Cir. 2003) (where the IJ's decision is unreviewable, so is the BIA's decision to streamline).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**