FILED

**NOT FOR PUBLICATION**

FEB 03 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KELLY FERREIRA TOLEDO, | No. 05-73109 |
| Petitioner, | |
| v. | Agency No. A75-301-612 |
| ALBERTO R. GONZALES, Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 2, 2012 [**]

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

Kelly Ferreira Toledo ("Toledo"), a native and citizen of Brazil, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying her motion to

reopen removal proceedings to apply for adjustment of status.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## A. Facts

Toledo has been in the United States since her parents brought her here from Brazil when she was six years old, on a nonimmigrant tourist visa. She has an approved I-130 petition based on her marriage to a United States citizen. She has a college education. She has no criminal record. Additionally, she has never returned to Brazil and is not fluent in Portuguese. Toledo's case satisfies the requirements of ICE Director John Morton's June 17, 2011 memorandum.

## B. BIA's denial of Toledo's motion to reopen.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir. 2002). We grant the petition for review and remand for further proceedings.

We have jurisdiction to review Toledo's equitable tolling claim because she properly raised it before the BIA in her "Reply to Government's Opposition to Motion to Reopen." *See Brezilien v. Holder*, 569 F.3d 403, 413 (9th Cir. 2009) (holding petitioner properly exhausted issue because it was raised "[i]n his final brief before the BIA"). Specifically, in her reply brief to the BIA, Toledo contended that "Tolling of the time limitations is permitted and warranted in this case because [Toledo] has been diligent and could not have filed her motion at an earlier date." Although Toledo's discussion of equitable tolling was cursory, it

2

was "sufficient to put the BIA on notice" of the equitable tolling issue and was therefore properly exhausted. *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam); *see also Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009) (explaining that a petitioner can properly exhaust an issue by "mention[ing]" the issue in his brief to the BIA, even though he fails to discuss the issue "at any length").

Because the BIA failed to address Toledo's equitable tolling claim, the BIA abused its discretion when it denied Toledo's motion to reopen. *See Singh v. Gonzales*, 416 F.3d 1006, 1015 (9th Cir. 2005) (remanding to the BIA where it denied petitioner's motion to reopen without addressing petitioner's equitable tolling argument). Accordingly, we remand Toledo's case to the BIA to consider Toledo's equitable tolling claim in the first instance.

Petition **GRANTED**; **REMANDED** for further proceedings.

*Toledo v. Holder*, No. 05-73109\

TASHIMA, Circuit Judge, dissenting:

I would deny the petition for review because Toledo's equitable tolling claim, which the majority faults the BIA for failing to address in denying her motion to reopen, was not properly exhausted.

Although Toledo mentioned "tolling" in her reply brief, she never presented any facts or any argument on the issue to the BIA. Thus, her filing does not meet "[t]he policy underlying the exhaustion requirement . . . to give an administrative agency the opportunity to resolve a case or controversy or to correct its own errors before judicial intervention." *Zara v. Ashcroft*, 383 F.3d 927, 931 (9th Cir. 2004). In fact, in her supplemental briefing, Toledo *admits* that her attorney failed to raise any tolling claim before the BIA.[1] Because the claim was not exhausted, it is not ripe for judicial review.

I would therefore deny the petition for review, and respectfully dissent.

---

[1] Toledo argues that her attorney Guajardo's "failure to raise the one claim that provides relief from the time bar must constitute deficient performance. *The BIA simply could not consider an argument that was not raised*." Supp. Brief at 29 (emphasis added).