MEMORANDUM **
Kelly Ferreira Toledo (“Toledo”), a native and citizen of Brazil, petitions for review of the Board of Immigration Appeals’ (“BIA”) order denying her motion to reopen removal proceedings to apply for adjustment of status.
A. Facts
Toledo has been in the United States since her parents brought her here from Brazil when she was six years old, on a nonimmigrant tourist visa. She has an approved 1-130 petition based on her marriage to a United States citizen. She has a college education. She has no criminal record. Additionally, she has never returned to Brazil and is not fluent in Portuguese. Toledo’s case satisfies the requirements of ICE Director John Morton’s June 17, 2011 memorandum.
B. BIA’s denial of Toledo’s motion to reopen.
We review the BIA’s denial of a motion to reopen for an abuse of discretion. Rodriguez-Lariz v. INS, 282 F.3d 1218, 1222 (9th Cir.2002). We grant the petition for review and remand for further proceedings.
We have jurisdiction to review Toledo’s equitable tolling claim because she properly raised it before the BIA in her “Reply to Government’s Opposition to Motion to Reopen.” See Brezilien v. Holder, 569 F.3d 403, 413 (9th Cir.2009) (holding petitioner properly exhausted issue because it was raised “[i]n his final brief before the BIA”). Specifically, in her reply brief to *725 the BIA, Toledo contended that “Tolling of the time limitations is permitted and warranted in this case because [Toledo] has been diligent and could not have filed her motion at an earlier date.” Although Toledo’s discussion of equitable tolling was cursory, it was “sufficient to put the BIA on notice” of the equitable tolling issue and was therefore properly exhausted. Zhang v. Ashcroft, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam); see also Aden v. Holder, 589 F.3d 1040, 1047 (9th Cir.2009) (explaining that a petitioner can properly exhaust an issue by “mention[ing]” the issue in his brief to the BIA, even though he fails to discuss the issue “at any length”).
Because the BIA failed to address Toledo’s equitable tolling claim, the BIA abused its discretion when it denied Toledo’s motion to reopen. See Singh v. Gonzales, 416 F.3d 1006, 1015 (9th Cir.2005) (remanding to the BIA where it denied petitioner’s motion to reopen without addressing petitioner’s equitable tolling argument). Accordingly, we remand Toledo’s case to the BIA to consider Toledo’s equitable tolling claim in the first instance.
Petition GRANTED; REMANDED for further proceedings.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.