**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL CHAVEZ GARCIA; et al., <br><br>                    Petitioners, <br><br>  v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br>                    Respondent. | No.   21-70140 <br><br> Agency Nos.   A203-573-604 <br>                   A203-573-605 <br>                   A203-573-606 <br>                   A203-573-607 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021[**]

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Daniel Chavez Garcia, his wife, and their two children, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") order summarily dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and relief under the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's decision to summarily dismiss an appeal. *Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in summarily dismissing petitioners' appeal as untimely where it was filed over a week past the deadline and petitioners offered no explanation for the delay. *See* 8 C.F.R. § 1003.1(d)(2)(i)(G); *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010) (BIA does not abuse its discretion where it does not act "arbitrarily, irrationally, or contrary to the law." (internal citation and quotation marks omitted)). To the extent that petitioners contend, in their opening brief, that the filing delay was on account of the Covid-19 pandemic, we lack jurisdiction to consider their contention. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review issues or claims not presented to the agency). We do not address petitioners' contentions as to the merits of their asylum, withholding of removal, or CAT claims because the BIA did not deny relief on those grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

21-70140

Petitioners' request, raised in their opening brief, that the court consider materials outside of the administrative record is denied. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**