NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DIEGO MAYORGA-GUZMAN,

Petitioner,

v.

PAMELA J. BONDI, Attorney General,

Respondent.

No. 24-3141

Agency No.
A216-143-395

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Diego Mayorga-Guzman ("Petitioner"), a citizen of Colombia, petitions for

review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an

Immigration Judge's ("IJ") order denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). This court

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

has jurisdiction under 8 U.S.C. § 1252.  We deny the petition.

1. The BIA properly dismissed Petitioner's appeal as untimely.  A Notice of Appeal ("NOA") must be "filed directly with the [BIA] within 30 calendar days after the stating of an immigration judge's oral decision or the mailing … of an immigration judge's written decision."  8 CFR § 1003.38(b).  The IJ issued his oral decision denying Petitioner relief on March 9, 2021.  Petitioner filed his NOA on June 23, 2021, 106 days after the IJ's oral decision.

We previously remanded this case to the BIA to determine if Petitioner had properly received a memorandum summarizing the oral decision as required by 8 C.F.R. § 1003.37(a).  BIA concluded that Petitioner received the summary because he submitted it along with his untimely NOA.

The BIA also found that the IJ delivered the oral decision in Petitioner's presence and apprised Petitioner of the deadline to file his appeal.  Further, Petitioner indicated at the March 9, 2021, hearing that he wished to appeal the decision, which was confirmed in the summary memorandum decision.  Thus, the BIA did not abuse its discretion by summarily dismissing the appeal for failing to file a timely NOA. *See Singh v. Gonzalez*, 416 F.3d 1006, 1009 (9th Cir. 2005).  To the extent Petitioner argues that his oral statement that he wished to appeal the IJ's decision at the March 9, 2021, hearing was sufficient, that representation does not satisfy § 1003.38(b). Thus, nothing excuses Petitioner's failure to comply with the deadline to file his

NOA.

2. Petitioner also alleges a due process violation because the IJ failed to provide him with the "decision" issued orally by the IJ.  We conclude there was no constitutional violation.  *See Benedicto v. Garland*, 12 F.4th 1049, 1058 (9th Cir. 2021) (reviewing due process allegations de novo).  As stated earlier, the BIA found that the IJ provided him the memorandum summarizing the IJ's oral decision as required by 8 C.F.R. § 1003.37(a).  Petitioner does not challenge that factual conclusion.  Petitioner argues that the legal reasoning of the oral decision must also be provided in writing.  But the IJ may render decisions orally and § 1003.37(a) only requires a summary memorandum.  Generally, full transcripts of oral decisions are available *after* an NOA is filed.  8 C.F.R. § 1003.5(a).  Further, given that Petitioner was present when the oral decision was announced, he has not shown any prejudice by the lack of any written, reasoned decision.

**PETITION DENIED**.