**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



| | |
|---|---|
| SANDRA MILAGROS PINA ALBINO; G.K. L. V., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 25-1552 <br><br> Agency Nos. <br> A241-905-147 <br> A241-905-146 <br><br> MEMORANDUM\* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2026\*\*
San Francisco, California

Before: M. SMITH and R. NELSON, Circuit Judges, and LEFKOW, District
Judge.\*\*\*

Petitioner Sandra Milagros Pina Albino, a native and citizen of Peru, seeks

review of a decision by the Board of Immigration Appeals (BIA) dismissing her

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Joan H. Lefkow, United States District Judge for the
Northern District of Illinois, sitting by designation.

appeal from an Immigration Judge's (IJ) denial of her and her minor child's applications for asylum, withholding of removal, and protection pursuant to the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

Our review is limited to the BIA's decision and those aspects of the IJ's decision that the BIA expressly adopts. *See Singh v. Garland*, 57 F.4th 643, 651 (9th Cir. 2023). We review the BIA's legal conclusions de novo and the IJ's factual findings for substantial evidence. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017). We recount the facts only as necessary to our disposition.

1. We previously remanded Petitioner's earlier appeal to the BIA upon the government's unopposed motion to do so. In the instant appeal, Petitioner argues that the BIA failed to comply with our remand order by failing to provide additional analysis about whether Petitioner was entitled to a rebuttable presumption of a well-founded fear of future persecution. We disagree. Our remand order summarily stated that the motion for remand was granted. But even if we assume that our remand order intended to encompass certain language from the government's motion,[1] the BIA expressly acknowledged the rebuttable

---

[1] In its motion, the government asked our court to "remand this case so the agency may further address the denial of Petitioners' applications for asylum and withholding of removal." It asked "[s]pecifically" that the BIA "provide additional

presumption of a well-founded fear of future persecution and concluded that it does not apply to Petitioner.[2] The BIA explained that Petitioner "was not entitled to a rebuttable presumption of a well-founded fear of persecution" because "[t]he lack of government involvement . . . precludes [Petitioner] from establishing that she suffered past persecution or that she has a well-founded fear of persecution." By arguing otherwise, Petitioner mischaracterizes the BIA's decision.

2.      Nor did the BIA err on remand by declining to apply the burden-shifting framework in its evaluation of Petitioner's asylum claim. The crux of Petitioner's argument is that the BIA ignored both the IJ's finding that "[it] is satisfied that with the other physical violence she claims . . . [her miscarriage] does rise to the level of past persecution" and the IJ's statement that he "found past persecution." According to Petitioner, these statements entitle her to the rebuttable presumption of a well-founded fear of future persecution, which the BIA did not analyze. However, even if Petitioner's harm rose to the level of past persecution,

<hr/>

analysis regarding whether Petitioner benefits from a rebuttable presumption of a well-founded fear of future persecution and whether the government bore the burden of rebutting such a presumption."

[2] If an IJ finds that a petitioner has established past persecution, that petitioner is entitled to "a rebuttable presumption that a well-founded fear of future persecution exists." *Parada v. Sessions*, 902 F.3d 901, 909 (9th Cir. 2018) (internal quotation omitted). The government then must rebut the presumption by demonstrating a fundamental change in circumstances or that the petitioner could avoid future persecution by relocating to another part of her country. *See* 8 C.F.R. § 1208.13(b)(1)(i); *Mousa v. Mukasey*, 530 F.3d 1025, 1029 (9th Cir. 2008).

that finding does not mean that she is entitled to relief.

"An applicant alleging past persecution has the burden of establishing that (1) [her] treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). Here, Petitioner is not entitled to relief because the IJ found that she has not shown that the Peruvian government is unable or unwilling to protect her. The BIA did not address whether Petitioner has a well-founded fear of future persecution because she did not meet all the requirements to demonstrate persecution based on the IJ's other findings. This was not error because the BIA is not required to reach the merits of issues that are unnecessary to the results that it reaches. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

That the IJ unnecessarily analyzed whether Petitioner's past harm gave rise to the rebuttable presumption of a well-founded fear of future persecution does not mean the BIA erred by declining to do so. The BIA found "no clear error in the [IJ's] factual finding that the government of Peru is not unable or unwilling to protect [Petitioner]." And the BIA correctly concluded that this finding is dispositive because it is an element of claims for asylum based on past persecution, "preclud[ing]" Petitioner from establishing that she suffered past persecution or

has a well-founded fear of future persecution. *See Lapadat v. Bondi*, 145 F.4th 942, 957–58 (9th Cir. 2025).

To the extent that Petitioner challenges the IJ's finding that the government met its burden to rebut the presumption, "[o]ur review is limited to those grounds explicitly relied upon by the Board." *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016). The BIA did not address whether the government met its burden to demonstrate a fundamental change in circumstances or Petitioner's ability to relocate within Peru because it concluded that the presumption did not apply. Thus, we decline to do so.

Petitioner further argues that the BIA's decision "places the burden on [Petitioner] to show the Peruvian government was unable or unwilling to assist her, conflating the legal requirements." We reject this argument, too. First, Petitioner *does* bear the burden to establish that harm that rises to the level of persecution "was committed by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan*, 592 F.3d at 1023. And second, Petitioner also bears the burden to demonstrate that the IJ erred in its factual findings on appeal. *See Cap. Sav. & Loan Ass'n v. Olympia Nat. Bank*, 80 F.2d 561, 566 (9th Cir. 1935) (appellants have the burden to demonstrate error on appeal). The BIA did not err in its burden allocation.

3. Lastly, the BIA did not err in its decision to deny Petitioner's claim

for CAT protection because Petitioner waived her challenge to the IJ's denial of that claim.  Again, even if we assume that our remand order intended to encompass certain language from the government's motion, the motion requested remand "so the agency may further address the denial of Petitioners' applications for asylum and withholding of removal."  It did not mention Petitioner's application for CAT protection.  Thus, the BIA correctly concluded that we did not instruct it to revisit Petitioner's CAT claim.  And because Petitioner did not explain to the BIA why the IJ erred in its denial of CAT protection based on lack of consent or the acquiescence of a public official, the BIA did not err on remand in concluding that her challenge to that determination was waived.  *See Singh v. Gonzales*, 416 F.3d 1006, 1010 (9th Cir. 2005) (discussing the level of specificity needed to challenge an IJ's decision to adequately apprise the BIA of the issues on appeal).  We decline to review the merits of Petitioner's claim for CAT protection because the BIA did not do so, placing it outside our scope of review.  *See Budiono*, 837 F.3d at 1046.

**PETITION DENIED.**  Petitioner's motion to stay removal, Dkt. 2, is **DENIED** as moot.  The temporary stay of removal, Dkt. 2, shall dissolve upon issuance of the mandate.

25-1552