**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEXANDRA FERREIRA DA SILVA, | No.   18-72599 |
| Petitioner, | Agency No. A216-266-421 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019**

Before:     WALLACE, CANBY, and TASHIMA, Circuit Judges.

Alexandra Ferreira Da Silva, a native and citizen of Brazil, and a citizen of

Portugal, petitions pro se for review of the Board of Immigration Appeals' order

dismissing her appeal from an immigration judge's ("IJ") decision denying her

applications for asylum, withholding of removal, and relief under the Convention

Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

         *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

         **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's factual findings, *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014), and review de novo due process claims, *Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's determination that Ferreira Da Silva failed to establish that she was or would be persecuted in Brazil or Portugal on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, Ferreira Da Silva's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Ferreira Da Silva failed to show it is more likely than not that she would be tortured by or with the consent or acquiescence of the government if returned to Brazil or Portugal. *See Garcia-Milian*, 755 F.3d at 1033-35 (concluding that

18-72599

petitioner did not establish the necessary state action for CAT relief).

We reject Ferreira Da Silva's contention that the IJ violated her due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring substantial prejudice to prevail on a due process claim).

All pending motions are denied.

**PETITION FOR REVIEW DENIED.**

18-72599