**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XINXIU NAN, | No. 19-73204 |
| Petitioner, | Agency No. A206-210-418 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2021**

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Xinxiu Nan, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order summarily dismissing her appeal

from an immigration judge's decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT")

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and denying her motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's decision to summarily dismiss an appeal, *Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir. 2005), and the BIA's denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny in part, grant in part, and we remand the petition for review.

The BIA did not abuse its discretion in summarily dismissing Nan's appeal. *See* 8 C.F.R. § 1003.1(d)(2)(i)(A), (E); *Singh*, 416 F.3d at 1013 (summary dismissal was not an abuse of discretion where notice of appeal lacked sufficient specificity and no separate written brief was filed after an indication of an intent to do so).

In denying Nan's motion to remand, the BIA abused its discretion by failing to address Nan's contention that there is a pattern or practice of persecution against Christian "Shouters" in China. *See* 8 C.F.R. § 1208.13(b)(2)(iii) (an applicant shall not be required to provide evidence that she would be singled out individually for persecution if a pattern or practice of persecution is established); *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner.").

In light of this disposition, we do not reach Nan's remaining contentions challenging the BIA's denial of the motion to remand. *See Simeonov v. Ashcroft*,

371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Thus, we grant the petition for review and remand Nan's motion to remand to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The motion for a stay of removal (Docket Entry No. 1) is granted. Nan's removal is stayed pending a decision by the BIA.

The parties shall bear their own costs on appeal.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**