

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWIN GOMEZ; EDWIN GOMEZ-VELIZ,<br><br>        Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.   20-72213<br><br>Agency Nos.     A215-893-800<br>                A215-893-802<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and FRIEDLAND, Circuit Judges.

Edwin Abel Gomez-Veliz and his son, Edwin Benedicto Gomez,

(collectively "Gomez") petition the summary dismissal of their untimely appeal of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

a final removal order by the Board of Immigration Appeals (BIA). We have jurisdiction to review the dismissal under 8 U.S.C. § 1252, and we review for an abuse of discretion. *Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir. 2005). We deny the petition in part and dismiss it in part.

The BIA did not abuse its discretion in summarily dismissing Gomez's appeal as untimely under 8 C.F.R. § 1003.1(d)(2)(i)(G). Gomez did not dispute that his appeal was late and offered no explanation to the BIA for the delay. The BIA's decision was therefore not based on a legally erroneous interpretation of its regulations or "arbitrar[y], irrational[], or contrary to the law." *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010).

We lack jurisdiction to consider Gomez's claim that the BIA erroneously failed to extend the appeal filing deadline given the "rare circumstances" of the COVID-19 pandemic. Gomez neither raised this argument below, nor exhausted his administrative remedies before the BIA. 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . ."); *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004) (noting exhaustion is mandatory and jurisdictional).

**PETITION DENIED in part and DISMISSED in part.**