**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALVADOR BRUNO ROMERO, | No.    21-70590 |
| Petitioner, | Agency No. A098-179-196 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021**

Before:     CANBY, TASHIMA, and MILLER, Circuit Judges.

Salvador Bruno Romero[1], a native and citizen of Mexico, petitions pro se for

review of the of the Board of Immigration Appeals' ("BIA") order summarily

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1]      Although petitioner's name appears as Salvador Bruno-Romero in the orders issued by the agency, his name appears as Salvador Bruno Romero in the petition for review, opening brief, and reply brief filed in this court.

dismissing his appeal from an immigration judge's decision denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's decision to summarily dismiss an appeal. *Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in summarily dismissing Bruno Romero's appeal as untimely where it was filed past the deadline and Bruno Romero offered no explanation for the delay. *See* 8 C.F.R. §§ 1003.1(d)(2)(i)(G), 1003.38(b); *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010) (BIA did not abuse its discretion where it did not act "arbitrarily, irrationally, or contrary to the law." (internal citation and quotation marks omitted)). To the extent that Bruno Romero contends, in his reply brief, that the filing delay was on account of the Covid-19 pandemic, we lack jurisdiction to consider his contention. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review issues or claims not presented to the agency). We do not address Bruno Romero's contentions as to his removability and the merits of his cancellation of removal claim because the BIA did not rely on those grounds in deciding Bruno Romero's appeal. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

2                                                                    21-70590

We do not consider the materials Bruno Romero references in his opening and reply briefs that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**