NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 20 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RHINA IRIS CABRERA-PINEDA; et al., | No. 25-2241 |
| Petitioners, | Agency Nos. |
| | A208-543-103 |
| v. | A208-543-101 |
| | A208-543-102 |
| PAMELA BONDI, Attorney General, | |
| | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2025**

Before:    FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

Rhina Iris Cabrera-Pineda and her children, natives and citizens of El

Salvador, petition pro se for review of the Board of Immigration Appeals' ("BIA")

order summarily dismissing their appeal from an immigration judge's ("IJ's")

decision denying their application for asylum and Cabrera-Pineda's applications

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

for withholding of removal and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's summary dismissal of an appeal. *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021). We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in summarily dismissing petitioners' appeal where the notice of appeal did not identify specific challenges to the IJ's decision, and petitioners did not file a separate written brief despite stating that they would. *See* 8 C.F.R. § 1003.1(d)(2)(i)(A), (E); *see also Singh v. Ashcroft*, 361 F.3d 1152, 1157 (9th Cir. 2004) (summary dismissal appropriate where notice of appeal lacked sufficient specificity and no separate written brief was filed).

Petitioners' claim that the BIA's summary dismissal violated due process fails because petitioners have not shown error. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice."); *see also Singh v. Gonzales*, 416 F.3d 1006, 1014-15 (9th Cir. 2005) (summary dismissal for failure to file a brief or specify the grounds for appeal did not violate petitioner's due process rights).

We do not address petitioners' contentions as to the merits of their claims

25-2241

because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**